UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS** | Misc. Action No. 1:21-mc-00016-JEB |

**MOTION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL, GOVERNMENT RESPONSE IN OPPOSITION TO MOTION TO UNSEAL, AND ATTACHED EXHIBITS**

Applicant Los Angeles Times Communications LLC (the "Los Angeles Times") respectfully moves the Court for an order unsealing the following judicial records filed by the United States Attorney for the District of Columbia (the "Government") on March 31, 2021: Sealed Motion for Leave to File Document Under Seal; Government Response in Opposition to Motion to Unseal; Exhibit 1; Exhibit 2; and Proposed Order (collectively, the "Sealed Filings"). ECF No. 9. In the alternative, Applicant respectfully requests that the Court enter an order directing the Government to file redacted versions of the Sealed Filings on the public docket. Applicant further respectfully requests that the Court enter an order granting Applicant leave to reply to the arguments made by the Government in its

1

Response in Opposition to Applicant's Application to Unseal Court Records (the "Government's Opposition") within seven (7) days from the date on which the unsealed or redacted version of that Opposition is placed on the public docket.

## BACKGROUND

Applicant filed an Application to Unseal Court Records on February 24, 2021, seeking an order unsealing the search warrant, application, any supporting affidavits, return, docket sheet, and any other judicial records connected to the search warrant served upon United States Senator Richard Burr at his residence in the Washington, D.C. area on or about May 13, 2020 in connection with a now-completed federal law enforcement investigation into stock sales he made following non-public congressional briefings about the novel coronavirus. ECF No. 1. After seeking an extension of time to respond, ECF No. 6, the Government on March 31, 2021 filed a Sealed Motion for Leave to File Document Under Seal, attaching the Government's Response in Opposition to Motion to Unseal, two exhibits, and a proposed order. ECF No. 9. The Court granted the Government's sealed motion that same day, ordering the Government's Opposition and its supporting materials sealed. *See* Minute Order, Mar. 31, 2021.

## ARGUMENT

Public access to court proceedings and records "is fundamental to a democratic state." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661,

665 (D.C. Cir. 2017) (internal quotation marks omitted). As such, both the First Amendment and common law guarantee the public a presumptive right of access to court proceedings and judicial records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–73, 580 n.17 (1980); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508–10 (1984) ("*Press-Enterprise I*"); *Wash. Post v. Robinson*, 935 F.2d 282, 287–88 (D.C. Cir. 1991). As the D.C. Circuit has held, a document is a judicial record if it is "intended to influence" the court. *Metlife*, 865 F.3d at 667–68 (finding "no doubt" that "parties' briefs play a central role in the adjudicatory process"). The Sealed Filings here squarely fall within the category of judicial records to which the strong common law presumption of public access—if not the weightier First Amendment presumption—applies. *See, e.g.*, *In re McCormick & Co., Inc. Pepper Prod. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 467 (D.D.C. 2018) (applying common law right of access and denying motion to seal opposition to a motion to unseal); *see also Matter of Krynicki*, 983 F.2d 74, 77 (7th Cir. 1992) (noting that "the briefs themselves, including all of the legal argument, belong in the public domain."); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("Judges deliberate in private but issue public decisions after public arguments based on public records.")

By filing its Opposition wholly under seal, the Government has deprived the public of its presumptive right to observe and understand the Court's

consideration—and ultimate resolution—of Applicant's pending application to unseal warrant materials relating to an executed search warrant that was directed at a sitting U.S. Senator, a matter of significant public concern.[1]  Moreover, the Government's Sealed Filings in this case place Applicant at a fundamental disadvantage.  Applicant cannot meaningfully respond to the Government's Opposition to its application to unseal those court records without access to the Government's legal arguments.  *See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990).

For these reasons, Applicant respectfully requests that the Court enter an order unsealing the Sealed Filings or, in the alternative, directing the Government to file redacted versions on the public docket.  *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989); *see also In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (instructing trial judge to consider alternatives to "wholesale sealing of the papers" such as the "redaction of names and perhaps portions of the . . .

---

[1] Though notice of the Government's sealed motion to seal was entered on the public docket, neither Applicant nor any member of the public was "afforded an opportunity to be heard" before the Court ruled on that motion.  *Robinson*, 935 F.2d at 289 ("The government may seek leave of the court to file under seal its written motion to seal, and any supporting documents . . . [however,] interested individuals must be afforded an opportunity to be heard before the trial court ultimately rules on the motion.").  Nor did the Court's order granting the Government's sealed motion to seal set forth the findings upon which it was based.  *Cf.*, *Press-Enterprise I*, 464 U.S. at 510 (district court findings in support of sealing must be "specific enough that a reviewing court can determine whether the closure order was properly entered.").

materials contained in the motion papers . . ."). In addition, Applicant respectfully requests that the Court grant Applicant leave to file a response to the Government's Opposition within seven (7) days from the date on which the unsealed or redacted version of that Opposition is placed on the public docket.

## CONCLUSION

For the reasons set forth above, Applicant respectfully requests that the Court enter an order requiring the Clerk of the Court to unseal the Sealed Filings or, in the alternative, enter an order requiring the Government to file redacted versions of the Sealed Filings on the public docket. Applicant further respectfully requests that the Court enter an order granting Applicant leave to file a response to the Government's Opposition within seven (7) days from the date on which the unsealed or redacted version of that Opposition is placed on the public docket.

Dated: April 5, 2021                    Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
D.C. Bar No. 1026115
ktownsend@rcfp.org
Jennifer A. Nelson
D.C. Bar No. 1011387
jnelson@rcfp.org
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300

Facsimile: 202.795.9310

*Counsel for Applicant Los Angeles Times Communications LLC*