**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS** | **Misc. Action No. 1:21-mc-16** |

**GOVERNMENT'S REPLY TO APPLICANT'S RESPONSE TO GOVERNMENT'S
BRIEF IN SUPPORT OF CONTINUED SEALING OF CERTAIN PARTS OF THE
SEARCH WARRANT MATERIALS**

The government's proposed redactions to the search warrant materials at issue ("the Materials") (*see* ECF No. 25.1) strike the appropriate balance under the *Hubbard* factors and protect important judicial interests—including, potentially, grand jury secrecy.  Applicant's response to the government's motion for continued sealing fails to articulate any grounds—legal or factual—warranting further disclosures in this matter and ignores the substantial privacy and law enforcement interests that counsel in favor of the government's redactions.  In addition, Applicant's claim that the government has redacted public information in the Materials appears based, in part, on erroneous public reporting.  Lastly, because the Justice Department's investigation was separate from the investigation that is being conducted by the Securities and Exchange Commission ("SEC"), and because the SEC does not have access to grand jury materials, none of the disclosures made by the SEC would render otherwise secret grand jury materials—if they existed—disclosable under Federal Rule of Criminal Procedure 6(e), which "expressly directs secrecy as the default position" as long as necessary to prevent unauthorized disclosure of matters occurring before the grand jury, "and thus displaces the common-law right of access."  *Leopold v. United States*, 964 F.3d 1121, 1130 (D.C. Cir. 2020) (citing *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998)).  The government has publicly

acknowledged the investigation involving United States Senator Richard M. Burr, the existence of a warrant that was executed for the search and seizure of his cell phone, and made a redacted version of the search warrant materials publicly available.  No further disclosures are warranted under the common law right of access or the First Amendment in light of the compelling privacy and law enforcement interests at hand.

## ARGUMENT

In its initial filing before this Court, Applicant argued that unsealing is warranted in light of the "continued interest in scrutinizing the grounds for which the government sought—and obtained—a search warrant directed at a sitting United States senator, an unusual action that reportedly required approval from the highest levels of the Justice Department . . . ."  Memorandum of Law in Support of the Application of Los Angeles Times Communications LLC to Unseal Court Records, ECF No 1.1, at 9.  Now, after the Circuit remanded, Applicant's main argument is that unsealing the Materials "would allow the public to understand how weak or strong the Government's original basis for investigating Senator Burr was, which in turn would inform the public's understanding of whether 'the government had the evidence but nevertheless pulled its punches,'" Applicant Response, ECF No. 26, at 4 (quoting *Citizens for Responsibility & Ethics in Wash. v. United States DOJ*, 746 F.3d 1082, 1093 (D.C. Cir. 2014)), but brushes aside the many compelling interests in continued sealing the government has articulated in its brief.  The reason Applicant does this is because careful consideration of the *Hubbard* factors counsels in favor of the continued sealing of the redacted materials.

The government readily concedes that there is a strong public interest in criminal matters concerning elected officials.  But Applicant's claim that the snapshot-in-time allegations in the Materials will provide extensive insight in service of that interest, including whether the

subsequent decision to close the investigation was a political one, *see* Applicant Response at 4, is faulty. The facts underlying the Materials constitute but a narrowly selected set of facts intended to make a probable-cause showing in support of the government's search warrant application; they do not inform the public whether the government's understanding of the facts later changed, which they did. As such, unsealing the Materials will do little to further Applicant's interest in scrutinizing the government's decision to close the investigation without recommending charges, and whatever value unsealing the Materials would bring to the public square is far outweighed by the compelling privacy interests on the other side of the *Hubbard* ledger. Stated differently, Applicant's articulation of the compelling interest overstates the inferences that could fairly be drawn from the Materials, and understates the harm that their unsealing would cause.

The government's redactions include extensive details of interviews with private third-party witnesses whose role in the investigation is not publicly known. These witnesses have a compelling privacy interest as public reporting of their cooperation could have severe, detrimental repercussions for their reputations and livelihoods. Applicant contends that any such interests could be protected by redacting the identity of the witnesses, *see* Applicant Response at 9 (citing *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008)), but simply redacting the identities of these individuals would do little to protect these interests as enterprising journalists may be able to determine their identities. *See, e.g.*, *In re WP Co. LLC*, 201 F. Supp. 3d 109, 128 (D.D.C. 2016) (permitting full closure of search warrant materials because redaction of names and identities was deemed "insufficient to protect adequately the compelling privacy, reputational, and due process interests" of persons referenced in the documents).

The government's redactions also protect compelling law enforcement interests in (1) maintaining its ability to secure cooperation from witnesses in the future, which would be harmed

if their accounts were publicly exposed; (2) avoiding disclosure of investigative techniques that could cause the subjects of other investigations to change their conduct to evade detection and otherwise thwart future investigations of similar allegations; and (3) preventing the chilling effect that disclosure would have on the scope and quality of evidence that government investigators are willing to include in search warrant applications, as the prospect of subsequent public disclosure would undermine potential investigative leads or foreclose the possibility of witness cooperation. Applicant does not address these compelling interests in any meaningful way and, dismissively, states that no matter their strength, these interests are simply "not compelling in light of the volume of information that is already public." *Id.* at 17. This broad-brush dismissal of recognized interests flies in the face of the careful balancing approach that is called for under *Hubbard* and should not be adopted by this Court.

Applicant similarly argues that Senator Burr's reputational interest is of no concern because he publicly acknowledged the existence of the Justice Department's investigation. *See* Applicant Response, at 9–10 ("Any sting to Senator Burr's reputation has already struck several times over, thanks in part to his own decision to acknowledge the investigation."). But this contention is of questionable validity in light of prior holdings in the D.C. Circuit in the context of Freedom of Information Act litigation. *See CREW*, 746 F.3d at 1092 ("We made that clear in *Kimberlin*, noting that, although a prosecutor who had publicly acknowledged he was the subject of a disciplinary investigation retained little privacy interest in keeping the fact of the investigation secret, he 'did not, merely by acknowledging the investigation and making a vague reference to its conclusion, waive all his interest in keeping the contents of the [disciplinary] file confidential.'") (quoting *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir. 1998)).

Applying *Kimberlin* and *CREW* to the instant case, Senator Burr's acknowledgement of the investigation did not waive his interest in keeping the Materials under seal.

Next, Applicant claims that the government has redacted public information based, in part, on the fact that details that Applicant reported in its articles is not included in the unsealed portions of the Materials.  But in service of this argument, Applicant cites to its own erroneous reporting— specifically, a report it published in May 2020 about a separate and distinct search warrant that the government purportedly served "on Apple to obtain information from Burr's iCloud account," the fruits of which it purportedly used "as part of the evidence used to obtain the warrant for the senator's phone."  Applicant Response, at 8 (citing Del Quentin Wilber & Jennifer Haberkorn, *FBI Serves Warrant on Senator in Investigation of Stock Sales Linked to Coronavirus*, L.A. Times (May 13, 2020)).  Applicant brings this reporting to the Court's attention to argue that the government's "probable-cause showing overlaps with now-public information that laid the groundwork for the SEC's investigation—including information that, for that matter, Applicant had reported *before* filing its original unsealing petition." Applicant Response, at 7.  The Justice Department is unaware of any search warrant served on Apple Inc., let alone any such warrant the fruits of which were utilized either in connection with the Materials or by the SEC.

Lastly, concerning potential grand jury materials, Applicant notes that "Rule 6(e) therefore cannot justify redacting information that has already been placed in the public domain by, say, the SEC's disclosures about the investigative steps taken by the Government in this case."  Applicant Response, at 12.  The government hereby clarifies that the Justice Department and the SEC conducted parallel, not joint, investigations and that under Federal Rule of Criminal Procedure 6(e), the SEC is not authorized to access grand jury materials.

## CONCLUSION

The government's proposed redactions meet or exceed any public right of access in the Materials.  Applicant's response fails to address in a meaningful way the compelling factors articulated by the government under the common law right of access and the First Amendment. Accordingly, no further disclosures are warranted in the instant matter.


Respectfully submitted,


MATTHEW M. GRAVES                          COREY R. AMUNDSON
UNITED STATES ATTORNEY                      Chief, Public Integrity Section
D.C. Bar Number 481052                     Criminal Division
                                           U.S. Department of Justice


/s/ *Molly Gaston*                         /s/ *Victor R. Salgado*
Molly Gaston                               Victor R. Salgado
Assistant United States Attorney           D.C. Bar # 975013
VA Bar Number 78506                        Senior Litigation Counsel
United States Attorney's Office            Public Integrity Section
601 D Street NW                            Criminal Division
Washington, D.C.  20001                    U.S. Department of Justice
Telephone:  202-252-7803                   Telephone:  202-353-4580
Email:  Molly.Gaston@usdoj.gov             Email:  victor.salgado@usdoj.gov