**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS | Misc. Action No. 1:21-mc-16 |

**GOVERNMENT'S SUPPLEMENT PURSUANT TO COURT'S MINUTE ORDER**

In a Minute Order issued on July 30, 2022, the Court directed the government to supplement its statements in support of continued sealing of certain paragraphs of the affidavit in support of the search warrant application included in the Materials currently under consideration by the Court.  *See* 7/30/2022 Minute Order.  In particular, the Court directed the government to explain the basis for continued sealing of these paragraphs notwithstanding public disclosures made in *SEC v. Fauth*, a case in the Southern District of New York, of which the Applicant Los Angeles Times has requested the Court take judicial notice, *see* ECF No. 27.  For the reasons described below, the SEC's disclosures do not warrant additional unsealing of the Materials.

**I.      The SEC's Limited Disclosures Do Not Justify Additional Unsealing of the Materials**

As an initial matter, although the filings in *SEC v. Fauth* recognize the existence of the Department of Justice's investigation that was parallel to the SEC's, they do not make public details of the Department's investigation that warrant further unsealing of the Materials.  The SEC filings, which Applicant submitted to the Court in ECF No. 27, make the following limited disclosures about the Department's investigation:

- The Department conducted a parallel (and separate) investigation to the SEC's (ECF No. 27 at 12);

- In or about April 2020, Gerald and Mary Fauth retained an attorney, in part to respond to a subpoena (whose demands are not detailed) from the United States Attorney's Office for

the District of Columbia (*id*. at 21);

- On June 18, 2020—a month after the Materials at issue in this matter were submitted to the Court—the Fauths' attorney made a presentation to the Department (*id*. at 21-22);

- On September 11, 2020—four months after the Materials were submitted to the Court—a Department attorney communicated with the Fauths' attorney regarding potential testimony (*id*. at 23);

- In October and November 2020—five and six months after the Materials were submitted to the Court—the Fauths' attorney exchanged correspondence with an attorney for the Department (*id*. at 12, 22);

- The Department concluded its investigation without charges (*id*. at 23-24).

Taken together, these disclosures acknowledge the Department's investigation; that in the course of its investigation, the Department engaged with an attorney for the Fauths; and that the Department closed its investigation without bringing criminal charges.  Other than the fact of the Department's investigation, none of this information is contained in the Materials—it could not possibly be, since it post-dates the submission of the Materials to the Court.  And the disclosure of this limited information does not warrant additional unsealing of the Materials or weigh against the compelling privacy, reputational, due process, and law enforcement interests in the redacted portions of the Materials that the government described in its initial filing, *see* ECF No. 25, or further described below.

## II.    The Department's Proposed Redactions are Narrowly Tailored to Serve Compelling Privacy, Reputational, Due Process, and Law Enforcement Interests

As directed in the Court's Minute Order, the government provides the following specific explanation of why certain paragraphs in the affidavit that is part of the Materials should remain sealed.

Paragraph 4 of the affidavit contains a probable cause allegation against at least one individual who was never charged with a criminal offense.  Accordingly, any such individual has

a compelling due process and privacy interest in the continued sealing of Paragraph 4 because, as explained in the government's opening filing, such an individual would be forced to endure the stigma of a criminal allegation without an opportunity to establish his or her innocence at trial. *See* ECF No. 25 at 9-10; *see also Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 122 (D.D.C. 2016) (discussing compelling interests against disclosure in search warrant materials from closed investigations that did not result in criminal charges). The SEC's disclosures do not publicly reveal against whom the probable cause allegation in the Materials was made, or based on what statutes.

To the extent that Paragraph 7 reflects matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC. Accordingly, any disclosures the SEC may make in the course of its investigation could not reveal such information. The *Hubbard* unsealing inquiry must yield to Congress's mandate that grand jury material remains secret. *See* ECF No. 25 at 14.

Paragraphs 9 to 11 name individuals who were subjects of the Department's investigation at the time that the Materials were submitted to the Court. These individuals' statuses in the Department's investigation have not been publicly revealed, and these individuals retain privacy and due process interests in the continued sealing of these paragraphs. *See* ECF No. 25 at 9-10.

To the extent that Paragraphs 21, 28, 29, and 39 to 42 reflect matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC. Accordingly, any disclosures the SEC may make in the course of its investigation could not reveal such information. *See* ECF No. 25 at 14. In addition, Paragraphs 29, 40, and 42 contain information about third-party witnesses, which implicates both those witnesses' compelling privacy interests and the government's law enforcement interests, as described in the government's

initial filing.  *See* ECF No. 25 at 10.

To the extent that Paragraphs 45 to 47 reflect matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC.  Accordingly, any disclosures the SEC may make in the course of its investigation could not reveal such information. *See* ECF No. 25 at 14.  In addition, Paragraph 47 contains information about a third-party witness, which implicates both that witness's compelling privacy interest and the government's law enforcement interests, as described in the government's initial filing.  *See* ECF No. 25 at 10.

To the extent that Paragraphs 50 and 53 reflect matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC.  Accordingly, any disclosures the SEC may make in the course of its investigation could not reveal such information. *See* ECF No. 25 at 14.  In addition, both paragraphs contain information about subjects and third-party witnesses whose roles in the Department's investigation are unknown to the public, which implicates both those individuals' compelling privacy interests and the government's law enforcement interests, as described in the government's initial filing.  *See* ECF No. 25 at 10.

To the extent that Paragraph 58 reflects matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC.  Accordingly, any disclosures the SEC may make in the course of its investigation could not reveal such information. *See* ECF No. 25 at 14.

Paragraphs 59 to 61 contain detailed probable cause allegations against at least one individual who was never charged with a criminal offense, and as described above, any such individual has a compelling privacy and due process interest in the continued sealing of these paragraphs.  In addition, these paragraphs describe information provided by third-party witnesses that has not been publicly disclosed, and as stated above, these witnesses retain privacy interests

in the sealed materials, and the government retains law enforcement interests in the content related to third-party witnesses.  *See* ECF No. 25 at 9-10.  Finally, as described above, to the extent that these paragraphs reflect matters occurring before the grand jury, the Department could not, and did not, share that information with the SEC, and any disclosures the SEC may make in the course of its investigation could not reveal such information.  *See* ECF No. 25 at 14.

## III.    Conclusion

The redactions to the Materials that the government has proposed, including certain specific paragraphs in the affidavit that is part of the Materials, are narrowly tailored to protect compelling privacy, reputational, due process, and law enforcement interests.  No additional unsealing of the Materials is warranted.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

/s/ *Molly Gaston*
Molly Gaston
Assistant United States Attorney
VA Bar Number 78506
United States Attorney's Office
601 D Street NW
Washington, D.C.  20530
Telephone:  202-252-7803
Email:  Molly.Gaston@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

/s/ *Victor R. Salgado*
Victor R. Salgado
D.C. Bar # 975013
Senior Litigation Counsel
Public Integrity Section
Criminal Division
U.S. Department of Justice
Telephone:  202-353-4580
Email:  victor.salgado@usdoj.gov