UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS | The Honorable Beryl A. Howell<br>Misc. Action No. 1:21-mc-00016 |

**SUPPLEMENTAL RESPONSE OF LOS ANGELES TIMES COMMUNICATIONS LLC
IN OPPOSITION TO CONTINUED SEALING**

Katie Townsend
ktownsend@rcfp.org
D.C. Bar. No. 1026115
Grayson Clary
gclary@rcfp.org
D.C. Bar No. 1735810
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:  (202) 795-9300
Facsimile:  (202) 795-9310

*Counsel for Applicant Los Angeles Times Communications LLC*

**INTRODUCTION**

Pursuant to this Court's minute order of August 8, 2022, Applicant Los Angeles Times Communications LLC respectfully submits this supplemental response in continued opposition to the Government's proposed redactions to the judicial records at issue in this case (the "Warrant Materials"). The Government's recent supplement to its motion, *see* Gov't's Supplement Pursuant to Court's Minute Order (ECF No. 29), is largely nonresponsive to the arguments Applicant advanced in its opposition, which explain why additional unsealing of the Warrant Materials is required under the common law and Constitution, *see* Response of Los Angeles Times Communications LLC in Opposition to Continued Sealing (ECF No. 26). For the reasons given therein and supplemented here, Applicant respectfully urges this Court to order further unsealing of the Warrant Materials. *See In re Application of WP Company LLC* ("*In re WP I*"), No. 16-mc-351, 2016 WL 1604976, at *3 (D.D.C. Apr. 1, 2016) (Howell, C.J.).

**I.     The Government's supplemental response continues to ignore the *Hubbard* factors that prompted the D.C. Circuit to remand.**

This Court ordered the Government to provide a "specific explanation as to why *each* of the proposed redactions" to certain paragraphs of the Warrant Materials "is warranted, under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), notwithstanding the public disclosures made in *SEC v. Fauth*[.]" Minute Order, *In re Application of Los Angeles Times Commc'ns LLC*, No. 1:21-mc-00016 (D.D.C. July 30, 2022) (second emphasis added). The Government's submission fails to comply with that instruction because it does not attempt to apply *Hubbard*; it merely recites the Government's claimed secrecy interests without reference to the test's remaining factors or those factors' relevance to any specific redaction proposed by the Government. *See MetLife v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (setting out the six *Hubbard* factors); *see also CNN v. FBI*, 984 F.3d 114, 119 (D.C. Cir.

1

2021) (emphasizing that each *Hubbard* factor must be applied to "the specific information that remains redacted" (quotation omitted)).  In other words, the Government continues to urge this Court to ignore the D.C. Circuit's prior decision and omit consideration of "the need for public access" as well as "the purposes for which the documents were introduced during the judicial proceedings."  *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022).

As Applicant's opposition explained, the core public interest in access to the Warrant Materials requires access to the probable-cause showing, in particular, or else there is no meaningful sense in which access can "serve[] as a check on the judiciary" and the executive branch by ensuring "that judges are not merely serving as a rubber stamp for the police."  *In re Application of WP Company LLC* ("*In re WP I*"), No. 16-mc-351, 2016 WL 1604976, at *2 (D.D.C. Apr. 1, 2016) (Howell, C.J.) (quoting *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 88 (D.D.C. 2008)); *see also In re Los Angeles Times Commc'ns*, 28 F.4th at 297 (holding that the common law presumption of access attaches to the Warrant Materials exactly because they "would have been intended to influence a judicial decision to find probable cause").  But given the breadth of the Government's proposed redactions, a reader of the Materials today is in no better a position to evaluate the conduct of the judiciary or the executive than it was before; they cannot form their own view as to whether the Government in fact demonstrated probable cause.

That result would make the D.C. Circuit's conclusion that a "strong presumption in favor of public access" attaches to warrant materials a practical nullity, a result that cannot be reconciled with the appellate court's mandate.  *In re Los Angeles Times Commc'ns LLC*, 28 F.4th at 297 (quotation omitted).  "Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public

view." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (internal quotations and alterations omitted). In omitting any recognition—to say nothing of a reasoned discussion—of the factors *favoring* access to the specific materials it asserts should be redacted, the Government's supplement again falls short of the conscientious balancing *Hubbard* requires.

> II. **The Government continues to understate the volume and nature of the information that is already in the public domain about the Justice Department's investigation.**

As Applicant's opposition explained, it is highly unlikely that *none* of the information in the Warrant Materials overlaps with information disclosed by the filings in *Securities & Exch. Comm'n v. Fauth*, No. 1:21-mc-00787 (S.D.N.Y. Oct. 20, 2021), and publicly available information cannot be sealed. The Government appears to reach the opposite result only by taking an unduly restrictive view of the information that is already in the public domain.

For instance, the Government's account of the facts disclosed by the SEC's filings studiously omits that agency's detailed discussion of Senator Burr's interactions with his wife, Gerald Fauth, and Mary Fauth, including as reflected in telephone and internet metadata. *See* Memorandum of Law at 4–5, *Securities & Exch. Comm'n v. Fauth*, No. 1:21-mc-00787 (S.D.N.Y. Oct. 22, 2021).[1] But the fact that this information has already been disclosed in an

---

[1] The Government's insistence that it is unaware of any "warrant [for Burr's iCloud data] the fruits of which were utilized either in connection with the materials or by the SEC" is almost certainly a case of hair-splitting over whether the Government used a warrant in particular—as opposed to another form of legal process—to obtain metadata for which a warrant would not be required. Gov't Reply at 5; *see also* Marcy Wheeler, *Jeffrey Clark: Physics Takes Over the Investigation Now*, EmptyWheel (June 27, 2022), https://perma.cc/5MUR-455A (noting that it is routine Justice Department practice to use cloud metadata to build probable cause for cellphone-seizure warrants). The important point, which the Government's supplement entirely fails to acknowledge, is that the fact of those contacts between the Burrs and the Fauths is already public, as is the fact that the Government seized their telephone and internet metadata. There is no residual interest in concealing references to those realities in the Warrant Materials.

3

official narrative of potential misconduct is critical to weighing any residual privacy interests those individuals do—or more to the point do not—have. To the extent those individuals are among the uncharged third parties the Government references, *see* Gov't Supplement at 2–5 (relying on the privacy interests of uncharged individuals in justifying the sealing of Paragraphs 4, 9–11, 50, 53, 59–61), it should be clear the Government cannot rely talismanically on the fact that they were not indicted to justify continued sealing, because this is not a case in which disclosure would "present the risk that the identity of an innocent third person will be *newly* disclosed to the media." *In re N.Y. Times Co.*, 585 F. Supp. 2d at 91 (emphasis added).[2]

In particular, the public already knows there was a "criminal investigation of [Gerald] Fauth," a fact that Fauth—himself a high-level federal government official—has acknowledged. *In re Los Angeles Times Commc'ns LLC*, 28 F.4th at 296 (citing Decl. of F. Joseph Warin, *Securities & Exch. Comm'n v. Fauth*, No. 1:21-mc-00787, at 3–4 (S.D.N.Y. Oct. 27, 2021)). Fauth cannot suffer reputational harm from further confirmation of that fact.[3] And the public would not be shocked to learn that the Government also explored any role that Brooke Burr and Mary Fauth may have played in the interactions between Senator Burr and Gerald Fauth, because the public already knows 1) that the potentially unlawful sales involved stocks that they held jointly or in their own accounts; 2) that the Government has their telephone and internet metadata; and 3) that they "communicated regularly" with Senator Burr and Gerald Fauth in the

---

[2]   The same is true for redactions beyond the ones the Court asked the Government to brief, wherever information is redacted to conceal the fact that the Government investigated the named individuals—including, for instance, redactions to the information to be seized in Attachment B.

[3]   The Government's insistence on concealing the statutes on which the probable cause allegation in Paragraph 4 is based is especially odd, not only because it is unclear what additional stigma that disclosure could possibly cause but also because the Warrant Materials elsewhere identify the relevant statutes as 15 U.S.C. § 78j(b) and 18 U.S.C. § 1348. *See* ECF 25-1 at 6.

4

window immediately leading up to the potentially unlawful sales.  Memorandum of Law, *supra*, at 4–5.  Indeed, it would be surprising to learn that the warrant *did not* seek evidence of Senator Burr's communications with Brooke Burr or Mary Fauth, or that the Government did not investigate their level of involvement in the sales, given the role that the same information has apparently played in the SEC's investigation.  Again, those individuals are as handicapped as they are helped by the Government's extensive redactions, because an official agency has already cast a cloud of suspicion—warranted or not—over their conduct.  *See United States v. Holy Land Foundation for Relief & Development*, 624 F.3d 685, 690 (5th Cir. 2010).

The Government cannot continue to refuse to confront the reality that when warrant materials "stem[] from a publicly acknowledged investigation of widely known allegations of misconduct," any danger that "disclosure would raise *new* privacy and reputational concerns" is "significantly minimiz[ed]."  *In re Application of WP Company LLC* (*"In re WP II"*), 201 F. Supp. 3d 109, 125 (D.D.C. 2016) (Howell, C.J.) (emphasis added).  Its redactions are overbroad.

**II.     The Government's reliance on grand jury secrecy interests is misplaced.**

Finally**,** the Government suggests—but does not state outright—that most of the paragraphs it proposes to redact consist of grand jury information shielded from disclosure by Rule 6(e).  *See* Gov't Supplement at 2–5 (relying hypothetically on grand jury secrecy with respect to Paragraphs 7, 21, 28, 29, 39–42, 45–47, 50–53, and 58–61).  That cannot plausibly be the case unless the Government has taken an incorrectly broad view of the grand jury secrecy rule.  As this Court has explained, and as Applicant explained in its opposition, "Rule 6(e) does not allow DOJ to 'draw a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury.'"  *In re Application of the Committee on the Judiciary*, 332 F.R.D. 412, 415 (D.D.C. 2019) (Howell, C.J.) (quoting *Labow v. Dep't of Justice*, 831 F.3d 523,

529 (D.C. Cir. 2016)); *see also* Response of Los Angeles Times Communications LLC, *supra*, at 11–12 (elaborating on the limits of Rule 6(e)).[4] And it is insufficient under D.C. Circuit precedent for the Government to simply point to passages of presumptively public warrant materials that it wishes to conceal and solemnly invoke the phrase 'grand jury.' Instead, the Government bears the "burden of demonstrating some nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C. Cir. 2005) (quotation omitted). Having been given another opportunity to do so, the Government still has not attempted to make that showing. This Court should reject the Government's seeming reliance on grand jury secrecy as a basis for continued sealing.

## CONCLUSION

For the reasons given in Applicant's prior opposition to the Government's motion for continued sealing—and as supplemented here—Applicant respectfully urges the Court to reject the Government's proposed redactions and to order further unsealing of the Warrant Materials.

Date:   August 9, 2022

/s/ Katie Townsend
Katie Townsend
ktownsend@rcfp.org
D.C. Bar. No. 1026115
Grayson Clary
gclary@rcfp.org
D.C. Bar No. 1735810
REPORTERS COMMITTEE FOR

---

[4] The Government also apparently takes the view that the information already in the public domain is irrelevant to this analysis unless it was the Government itself that "share[d] that information." Gov't Supplement, *supra*, at 3–5. But again, the Government's position is incompatible with Circuit precedent, which asks whether "information is sufficiently widely known that it has lost its character as Rule 6(e) material" *despite* official unwillingness to confirm it. *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994). And the same is true even if the information in the public domain is "not necessarily identified as grand-jury-related" in media reports. *Id.* at 1244. If information the Government claims is grand jury material nevertheless appears in the SEC's filings, it does not matter whether the SEC learned that information from the Government or whether the information has been identified as grand jury material in particular. Either way, Rule 6(e) does not protect secrecy that "no longer exists." *Id.* at 1245.

    FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

*Counsel for Applicant Los Angeles Times Communications LLC*