IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS | Misc. Action No. 1:21-mc-16 |

### GOVERNMENT'S SUPPLEMENT PURSUANT TO COURT'S MINUTE ORDER

In a Minute Order issued on August 12, 2022, the Court directed the government to specify in detail the basis for continued sealing of certain excerpts of the Materials currently under consideration by the Court. *See* 8/12/2022 Minute Order. Specifically, the Court directed the government to specify in detail "(1) why redactions to Attachments B and C to the search warrant and to paragraphs 4, 7, and 9-11 of the affidavit in support of the search warrant are necessary . . . [and] (2) why information presented and redacted in paragraphs 7, 21, 28, 29, 39-42, 45-47, 50-53, 58, and 59-61 of the affidavit in support of the search warrant actually implicates matters occurring before the grand jury . . . ." *Id*. The Court further directed the government to "include, under seal, a copy of the Search Warrant Materials with any portions for which continued redaction is sought indicated in a format (e.g., highlighted or framed) that allows the redacted text to be reviewed *in situ*." *Id*.

<u>Court's Minute Order Direction (1)</u>

As directed by the Court, in consideration of the SEC's disclosures regarding Senator Burr, Brooke Burr, Gerald Fauth, and Mary Fauth—which reduces the privacy interests of these individuals—and in light of the "*powerful* public interest in learning of a sitting Senator's potential violation of insider-trading laws based on information acquired in his official capacity," 8/12/22 Minute Order (citing *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022), the government has now proposed more limited redactions in the Materials filed under seal with

the Court, as follows:

In Attachment B, the government has removed most of its previously proposed redactions, retaining only those that include details not specified in SEC filings—which provided information about certain securities transactions on February 13, 2020—or that implicate other compelling governmental or third-party privacy interests described in the government's previous briefing. *See* ECF No. 25 at 10.

With respect to Attachment C, the government continues to believe that there are compelling law enforcement interests warranting continued sealing. Attachment C describes techniques that the Justice Department employed in the course of its investigation. In the government's view, public disclosure of these techniques could cause the subjects of other investigations to change their conduct to evade detection and otherwise thwart future investigations of similar allegations. Accordingly, the government would request that Attachment C remain under seal.

Within the affidavit, the government has removed redactions to most of paragraph 4, although it retains proposed redactions of the name(s) of the subject(s) against whom the probable cause allegation was made. The government believes that although certain individuals' privacy interests have been weakened by SEC disclosures, those interests have not been completely vitiated, and that there remain serious due process and privacy concerns with unsealing the specific identity of the individual(s) against whom the probable cause allegations in the affidavit were made. *See* ECF No. 25 at 9 (citing *Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 122 (D.D.C. 2016). At the same time, the government recognizes the powerful public interest in the affidavit material. Nonetheless, the government believes the significant due process and privacy concerns mentioned above outweigh the public interest in the limited redacted material in

paragraph 4, especially given the other information in the Materials that are being made public.

In paragraphs 9 to 11, given the reduced privacy interests of the named individuals in light of the SEC's disclosures, the government has removed redactions except for personal phone numbers.

Court's Minute Order Direction (2)

Next, as directed by the Court, the government has reviewed paragraphs 7, 21, 28, 29, 39-42, 45-47, 50-53, 58, and 59-61, and agrees that they do not contain explicit references to the grand jury. Accordingly, consistent with *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987), the government has removed proposed redactions to these paragraphs that were based on concerns about grand jury secrecy. The redactions that remain are as follows:

In paragraphs 21 and 29, the government has retained limited redactions for the purpose of protecting third-party privacy interests.

In paragraph 39, the government has retained limited redactions for the purpose of protecting third-party privacy interests, and because of a reference tying the un-redacted information to other, protected information.

Paragraphs 41 and 42 retain limited redactions to protect third-party privacy interests.

Paragraphs 45 and 46 have been un-redacted in their entirety.

Paragraph 47 retains limited redactions to protect third-party privacy interests.

Paragraphs 50 and 51 have been un-redacted in their entirety.

Paragraphs 52 and 53 retain limited redactions to protect third-party privacy and law enforcement interests.

Paragraph 58 has been un-redacted in its entirety.

Finally, in its sealed submission to the Court, the government has proposed two sets of possible redactions to paragraphs 59-61. The government maintains that the redactions that it has proposed to the Court through red-box framing in these paragraphs are necessary to protect compelling third-party privacy and law enforcement interests. *See* ECF No. 25 at 10. Separately for the Court's consideration, the government has also proposed redactions, through highlighting, of the information identifying the individual(s) against whom the probable cause allegations in the affidavit were made. As stated above, the government believes that there remain serious due process and privacy concerns with unsealing the specific identity of the individual(s) against whom the probable cause allegations in the affidavit were made, and that those due process and privacy concerns outweigh the public interest in the limited, highlighted portion of the government's sealed submission, especially in light of the other information in the Materials being made available to the public.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar Number 481052 | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice |
| /s/ *Molly Gaston*<br>Molly Gaston<br>Assistant United States Attorney<br>VA Bar Number 78506<br>United States Attorney's Office<br>601 D Street NW<br>Washington, D.C. 20530<br>Telephone: 202-252-7803<br>Email: Molly.Gaston@usdoj.gov | /s/ *Victor R. Salgado*<br>Victor R. Salgado<br>D.C. Bar # 975013<br>Senior Litigation Counsel<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>Telephone: 202-353-4580<br>Email: victor.salgado@usdoj.gov |