# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS | Misc. Action No. 1:21-mc-16 |

## GOVERNMENT'S ADDITIONAL SUPPLEMENT

Upon further consideration of the issues that the Court outlined in its Minute Order issued on August 12, 2022, the government today is providing, under seal to the Court, a revised copy of the Search Warrant Materials ("the Materials") with reduced proposed redactions.

In Attachment B, the government has now proposed redactions only of materials that implicate compelling governmental or third-party privacy interests described in the government's previous briefing.

In Attachment C, the government has removed all previously proposed redactions.

Within the affidavit, the government has removed substantial proposed redactions throughout, retaining proposed redactions for only two purposes: first, to the extent that unsealing information within the affidavit would implicate compelling third-party privacy and law enforcement interests (as described in previous briefing), and second, to the extent that unsealing information would reveal the name(s) of the subject(s) against whom the probable cause allegations in the warrant were made.

With respect to this second category of redaction—limited continued sealing in paragraphs 4, 59, and 61—the government submits that such redactions are narrowly tailored to protect compelling due process interests.

The remaining proposed redactions to paragraphs 4, 59, and 61 are narrowly tailored. At this point, the government has proposed the unsealing of the vast majority of the 49 pages of the

Materials, providing any reader a fulsome understanding of the narrative that the government presented to the Court in May 2020. Outside of the possible exception of the probable cause paragraphs, the government has not made any redactions for the purpose of protecting any interest of Senator Burr, given the countervailing public interest. And at the same time, to the extent that the Materials—a mere snapshot in time early on in the government's investigation—can provide public insight into and vindicate the "powerful public interest in learning of a sitting Senator's potential violation of insider-trading laws based on information acquired in his official capacity," *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022), the minimally-redacted version that the government has now proposed does so. Indeed, redactions have been deemed appropriate in materials unsealed in matters far more publicized—and pursued comprehensively in open court proceedings—than this one. *In re WP Co. LLC*, 2016 WL 1604976 *3 (D.D.C. 2016) (in materials in publicly charged and prosecuted campaign finance case, redactions were appropriate to protect "information that is not yet public and may implicate important governmental and private interests"); *In re Application of New York Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (in highly publicized anthrax case, redactions appropriate to protect informants' identities).

The narrowly tailored redactions in paragraphs 4, 59, and 61 serve the purpose of protecting the compelling due process interests of any individual(s) against whom the government made probable cause allegations. "[W]here, as here, a criminal investigation does not result in an indictment or other prosecution, a due process interest arises from an individual being accused of a crime without being provided a forum in which to refute the government's accusations." *Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 122 (D.D.C. 2016); *United States v. Smith*, 776 F.2d 1104, 1113-14 (3d Cir. 1985) (maintaining sealing of identity of unindicted co-

conspirators was narrowly tailored to serve compelling privacy interest because "the named individuals have not been indicted and, accordingly, will not have an opportunity to prove their innocence in a trial.  This means that the clearly predictable injuries to the reputations of the named individuals is likely to be irreparable.").  In recognition of the powerful public interest given Senator Burr's status as a public official, the Materials, in their currently proposed form, provide the public with extensive details about Senator Burr's actions.  But there is also an interest in preventing the fundamental unfairness of publicizing the government's ultimately unavailing criminal allegations against specific individual(s) named in the probable cause paragraphs of the Materials—when any such individuals would stand publicly accused by the government but would have no judicial forum in which to challenge or answer those allegations—which the government's proposed redactions are narrowly tailored to accomplish.

                                                       Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar Number 481052 | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice |
| /s/ *Molly Gaston*<br>Molly Gaston<br>Assistant United States Attorney<br>VA Bar Number 78506<br>United States Attorney's Office<br>601 D Street NW<br>Washington, D.C.  20530<br>Telephone:  202-252-7803<br>Email:  Molly.Gaston@usdoj.gov | /s/ *Victor R. Salgado*<br>Victor R. Salgado<br>D.C. Bar # 975013<br>Senior Litigation Counsel<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>Telephone:  202-353-4580<br>Email:  victor.salgado@usdoj.gov |